Adjourned Case from Lunenburg Superior Court. An Indictment was found against the prisoner, the first Count whereof charged, that he “voluntarily, maliciously, and of purpose did make an assault upon one Reuben Skinner, with intent to maim, disfigure, disable or kill, and that he the said Jacob Lester, &c. with a certain large stick-of wood, &c. which he the said Jacob Lester in his right hand then and there held, the jaw-bone of the said Reuben Skinner, feloniously, maliciously, voluntarily and of purpose, (with intention in committing the said act, to maim, disfigure, disable or kill,) did break,” &c. The second Count charged an unlawful breaking of the jaw-bone, and uses the same language as the first in describing the offence, *200 except that this Count charged the act as unlawful, instead of malicious. Both Counts concluded “contra formam statuti.” *The prisoner was put upon his trial, and the jury found the following verdict : “We of the jury do find the prisoner guilty, and therefore do ascertain the term of his confinement in the Penitentiary to twelve months.” He moved to arrest the judgment. First, because the Indictment sets forth no felony, under or according to any Statute in force in this Commonwealth. Secondly, because the offence charged in the Indictment is not a mayhem according to the Common Law, as now in force. Thirdly, because if the offence, as charged in the Indictment, be a maim at Common Law, and not a maim under the Statute, the prisoner cannot be convicted upon this' Indictment, as both Counts thereof are upon the Statute, both concluding contra formam statuti.” The Superior Court adjourned the questions, arising upon the reasons assigned in arrest of judgment, to this Court.
The Act against mayhems (a) declares, that “ whosoever shall unlawfully cut off the tongue, or disable the tongue by clipping, biting or wounding, put out an eye, slit, cut off, or bite off the nose, ear or lip, or disable or disfigure the nose, ear or lip, by cutting or biting, or cut off, or disable by cutting, biting, or wounding, any limb or member of another, or stab or shoot another, with intention, in committing any of the said acts, to maim, disfigure, disable or kill, every such offender, &c. shall be punished, &c.” Now here it will be remarked, that the Indictment did not charge that the prisoner did disable the jaw-bone, although he was charged with breaking the jaw-bone with intent (inter alia) to disable.
The following was the judgment of the Court:
“ A majority of the Court is of opinion, that both Counts in the Indictment are defective in charging a maim under any Statute, by omitting the averment that the Defendant did disable Reuben Skinner; nor is either Count good for a maim at Common Law, because a maim at Common Law is, with one exception, no felony ; and the Indictment does not state the facts which constitute a Common Law maim. The third question is answered above ; which is ordered to be certified, &c.”

 1 Rev. Code of 1819, ch. 156, § 1 & 2, p. 582.